IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| HOVENSA, L.L.C.,<br><br>                  Plaintiff,<br>v.<br><br>UHP PROJECTS, INC.,<br><br>                  Defendant. | CIVIL NO. 13-CV-_____<br><br>JURY TRIAL DEMANDED<br><br>ACTION FOR DAMAGES |

## COMPLAINT

COMES NOW Plaintiff, HOVENSA, L.L.C. ("HOVENSA"), through undersigned counsel, and alleges the following:

### PREAMBLE

1. This Court has jurisdiction over the parties and subject matter herein pursuant to 28 U.S.C. §1332.

2. Plaintiff HOVENSA is a limited liability corporation, duly organized and existing under the laws of the U.S. Virgin Islands, with its principal place of business in St. Croix, U.S. Virgin Islands, and was, during the times alleged in these actions, engaged in the business of operating a petroleum refinery in St. Croix.

3. Defendant UHP Projects, Inc. ("UHP") is a Virginia corporation, with its principal place of business in Virginia, and doing business in St. Croix, United States Virgin Islands, at all relevant times alleged herein.

4. Nickey Davis, a Virgin Islands resident, filed a Complaint in the then Territorial (now Superior) Court of the Virgin Islands, *Davis v. HOVENSA, et al., C*ivil No. SX-02-CV-333.

5. In his Complaint, Nickey Davis alleges that HOVENSA and UHP supplied defective equipment and negligently trained him in the use of the equipment, causing him bodily harm and other economic and non-economic losses.

6. In his Complaint, Nickey Davis further alleges he sustained injury while using UHP's equipment.

7. HOVENSA and UHP entered into a contract wherein UHP agreed to supply equipment for use at the St. Croix refinery.

8. UHP supplied the equipment, specifically an Ultra High Pressure Water Jet Blasting System ("water blaster") that Nickey Davis alleges is defective and which caused his injuries.

9. The HOVENSA/UHP contract also stated that UHP would provide a safety orientation to all employees and monitor personnel training and productivity.

10. Nickey Davis alleges he received inadequate training prior to using the water blasters supplied by UHP, causing him injury and damages.

11. Nickey Davis also alleges the water blaster he used was defective, causing him injury and damages.

## COUNT ONE - CONTRIBUTION

12. HOVENSA repeats and re-alleges the allegations in paragraphs 1 – 11 above as though fully set forth herein.

13. Prior to Nickey Davis filing his Complaint, UHP owed a duty to place the products it manufactured, distributed, and/or supplied into the stream of commerce without containing defects.

14. Upon information and belief, UHP manufactured, distributed, and/or supplied a defective water blaster that Nickey Davis alleges surged, causing him to lose his balance and further alleges inadequate training on the equipment supplied by UHP.

15. As a direct result of UHP's negligence or the defective conditions of its water blasters, Nickey Davis alleges he sustained injury.

16. HOVENSA denies any and all legal liability and responsibility for the acts alleged in Nickey Davis' Complaint.

17. If HOVENSA should be found liable to Nickey Davis, which liability is denied, HOVENSA asserts that UHP is responsible with respect to any loss, liability, or expense on account of Nickey Davis' demand for judgment.

### COUNT TWO - COMMON LAW INDEMNIFICATION

18. HOVENSA repeats and re-alleges the allegations in paragraphs 1 – 17 above as though fully set forth herein.

19. HOVENSA denies any and all legal liability and responsibility for the acts alleged in the Nickey Davis Complaint.

20. If HOVENSA should be found liable to Nickey Davis, which liability is denied, said liability will be secondary, passive, technical, vicarious, or imputed and the liability of UHP herein is primary, active, and direct.

### COUNT THREE - CONTRACTUAL INDEMNIFICATION

21. HOVENSA repeats and re-alleges the allegations in paragraphs 1 – 20 above as though fully set forth herein.

22. UHP expressly agreed to indemnify, hold harmless and defend HOVENSA in any action for injury to any person alleged to have been caused by UHP's negligence; anyone's acts

3

for which they may be liable; anyone acting under their direction and control; or due to the use of or defect in the equipment or machinery provided by UHP.

23. Pursuant to said express agreement, HOVENSA, on numerous occasions, demanded and now demands that UHP indemnify, hold harmless, and defend HOVENSA in connection with Nickey Davis' action now pending in the Virgin Islands Superior Court.

24. UHP has failed to indemnify, hold harmless, or defend HOVENSA in connection with Nickey Davis' action pending in the Virgin Islands Superior Court.

25. HOVENSA has suffered and will continue to suffer damages, costs, and attorneys' fees as a direct consequence of the Defendant's breach of said express agreement.

## COUNT FOUR - FAILURE TO INSURE

26. HOVENSA repeats and re-alleges the allegations in paragraphs 1 – 25 above as though fully set forth herein.

27. UHP expressly agreed to obtain insurance in support of its agreements to indemnify, hold harmless and defend HOVENSA, as asserted in Count Three. Said insurance was to include, but was not limited to general liability insurance based upon the terms of HOVENSA and UHP's express agreement.

28. Pursuant to said express agreement, HOVENSA has demanded that UHP and/or their insurers indemnify, hold harmless and defend HOVENSA in connection with these actions now pending in this Court.

29. UHP has breached its contract with HOVENSA in failing to obtain the required insurance and/or failing to provide coverage for HOVENSA.

30. HOVENSA has suffered and will suffer damages, costs, and attorneys' fees as a direct consequence of UHP's breach of said express agreement.

## COUNT FIVE – FAILURE TO NAME AS ADDITIONAL INSURED

31. HOVENSA repeats and re-alleges the allegations in paragraphs 1 – 30 contained above, as though fully set forth herein.

32. UHP expressly agreed to obtain insurance in support of its agreements to indemnify, hold harmless and defend HOVENSA as asserted in Count Four above. Said insurance was to include, but was not limited to general liability insurance based upon the terms of HOVENSA and UHP's express agreement.

33. The agreement further required that the independent contractors specifically name HOVENSA as an additional insured in the aforesaid required insurance policy.

34. Pursuant to said express agreement, HOVENSA has demanded that UHP and/or their insurers provide the required insurance to HOVENSA in connection with these actions now pending in the Virgin Islands Superior Court.

35. UHP has breached its contract with HOVENSA by failing to name HOVENSA as an additional insured under the aforesaid required insurance policies.

WHEREFORE, Plaintiff HOVENSA demands judgment against UHP for any damages awarded to Nickey Davis against HOVENSA or settlements by HOVENSA, including but not limited to costs of defense, interest, attorneys' fees, and such other relief as the Court may deem equitable and just.

## JURY TRIAL DEMANDED

HOVENSA hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Bryant Barnes & Blair, LLP
Attorneys for Plaintiff HOVENSA, L.L.C.

Dated: March 25, 2013         By:    s/ Sunshine S. Benoit
                                     Sunshine S. Benoit
                                     V.I. Bar No. 967
                                     1134 King Street, 2nd Floor
                                     Christiansted, VI 00820
                                     Phone: 340-773-2785
                                     Fax:   340-773-5427
                                     sbenoit@bryantbarnes.com